# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Applicant,<br><br>vs.<br><br>TITAN WHEEL CORPORATION OF ILLINOIS,<br><br>Respondent. | No. 11 C 6985<br><br>Magistrate Judge Schenkier |

## MEMORANDUM OPINION AND ORDER

This matter arises from a pending investigation by the Equal Employment Opportunity Commission ("EEOC"), involving a charge of sex discrimination against Titan Wheel Corporation of Illinois ("Titan") at its headquarters in Quincy, Illinois. Pursuant to this investigation, which is being conducted out of the EEOC's Chicago office, the EEOC issued a subpoena on March 17, 2011, seeking the production of documents identifying Titan's employees and any complaints of sexual or sex-based harassment made by them. Titan filed a petition with the EEOC to revoke the subpoena, which the EEOC denied on July 28, 2011. Titan failed to comply with the EEOC's subpoena, and on October 4, 2011, the EEOC brought an application in this Court seeking an order to show cause why the subpoena should not be enforced (doc. # 3).

Rather than respond to the EEOC's application for an order to show cause, Titan filed a motion to dismiss or transfer to the Central District of Illinois (which includes Quincy, where Titan is based) (doc. # 10). Titan's motion sets forth three grounds upon which it argues this Court should dismiss or transfer the EEOC's action to enforce its subpoena: (1) two months before the EEOC filed its enforcement action, Titan had filed a complaint in the Central District of Illinois against the

EEOC seeking declaratory and injunctive relief relating to the enforcement of the same subpoena (Titan's Mot. at 1); (2) the documents relevant to the subpoena are located in Titan's principal office in Quincy; and (3) the alleged discriminatory employment practice purportedly took place in Quincy (*Id.* at 1-2).

Titan's first argument is now moot as the district court in the Central District of Illinois dismissed Titan's complaint on April 5, 2012, (Case No. 11 C 3317, doc. # 7). That disposes of Titan's only basis for seeking dismissal. We are left with the two remaining arguments which pertain solely to the request for transfer. For the following reasons, we find these argument unpersuasive. We therefore deny Titan's motion to transfer.

### I.

Federal law provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "With respect to the convenience evaluation, courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum. Other related factors include the location of material events and the relative ease of access to sources of proof." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (internal citations omitted). "The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system." *Id.* (internal citations omitted). For this element, courts look to factors including docket congestion, the likely speed to trial in each forum, each court's relative familiarity with the relevant law, and the respective desirability of resolving controversies in each locale. *Id.*

The interest of justice element of Section 1404(a) is of little relevance here, where no federal complaint has been filed and the EEOC is still investigating the charge of sex discrimination. Our decision here thus rests on the issue of the convenience. And, our consideration is further focused on the convenience with respect to producing documents, since the subpoena at issue here seeks only the production of documents and not the presence of any witnesses.

Initially, we note that the parties agree that both the Central District and the Northern District of Illinois are permissible venues for this enforcement application. Under Title VII, enforcement actions such as this one "may be brought in *any judicial district in the State* in which the unlawful employment practice is alleged to have been committed," as well as in the judicial district where the relevant employment records are maintained, where the aggrieved person would have worked, or where the respondent has its principal office. 42 U.S.C. § 2000e-5(f)(3) (emphasis added). *See also*, 29 U.S.C. § 161(2) (an action to enforce a subpoena may be brought in the district court "within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person . . . is found or resides or transacts business"). Thus, while the EEOC could have brought this action in the Central District of Illinois, venue is proper in this Court as well.

In weighing the convenience of the forums to each party, the Seventh Circuit has explained that "[w]hen plaintiff and defendant are in different [districts] there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of the alternative venues is comparable, there is no basis for a change of venue; the tie is awarded to the plaintiff, . . ." *In re: Nat'l Presto Indus., Inc.*, 347 F.3d 662, 665 (7th Cir. 2003). "[T]he plaintiff's choice of forum should rarely be disturbed." *Id.* at 664. These principles apply to private parties as well as to federal agencies like the EEOC. *Id.*

Here, the EEOC's counsel and investigative staff who are looking into the sexual discrimination charge in this case are located in Chicago. The subpoena in question issued from the Chicago office, and the EEOC chose to file this application in the Northern District of Illinois. Titan argues, however, that convenience considerations weigh in its favor because Titan's principal office and the alleged discriminatory events are based in Quincy.

As explained above, the issue of convenience to the parties looks to each party's access to and distance from resources in each forum, the location of material events, and the relative ease of access to sources of proof. *Research Automation*, 626 F.3d at 978. While the location of material events is Quincy, that is not of great significance here since the EEOC investigation is being conducted in Chicago: and, Titan does not (and cannot) seek to have this Court move the EEOC investigation to some other office. Litigating this application in Chicago rather than in the Central District of Illinois will not affect at all the cost or burden of producing documents if the EEOC's subpoena is enforced – in either event, the documents would have to be produced to the EEOC's office in Chicago. Thus, Titan would simply ship or otherwise send – perhaps even electronically – the documents to Chicago.

Titan does not allege that it would suffer any expense or burden in accessing the relevant documents and then producing them to the EEOC in Chicago that it would not incur if the application were brought in the Central District of Illinois; nor has Titan pointed to any inconvenience or burden that it would suffer by litigating this application in Chicago rather than the Central District of Illinois. In short, Titan has failed to show any inconvenience that would outweigh the EEOC's choice to file its application to enforce the subpoena in the Northern District of Illinois.

## CONCLUSION

Accordingly, Titan's motion to dismiss or transfer (doc. # 10) is denied. The Court directs Titan to respond on the merits to the EEOC's application for an order to show cause why an order should not be issued directing it to comply with the subpoena (doc. # 3). Titan shall file its response on the merits by 05/25/12, or by that date file a pleading indicating a date certain by which it will comply with the subpoena.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: May 9, 2012